UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.: 14-61466-CIV-WILLIAMS

JANE DOE 1 and
JANE DOE 2,

    Plaintiffs,

vs.

THOMAS MERENDA, and
FRANKLIN HARTLEY,

    Defendants.
_____/

## FINAL DEFAULT JUDGMENT FOR PLAINTIFF JANE DOE 2 AND AGAINST DEFENDANTS THOMAS MERENDA AND FRANKLYN HARTLEY

**THIS MATTER** is before the Court following an evidentiary hearing on damages held on February 3, 2016. (DE 90). The Court previously entered judgment in favor of Plaintiffs Jane Doe 1 and Jane Doe 2 on liability and against Defendants Thomas Merenda and Franklin Hartley. (DE 82). On February 3, 2016, the Court held a sealed evidentiary hearing on damages where Plaintiffs each presented testimony. (DE 90). At the hearing, the Court required each Plaintiff to submit a damages calculation and evidence supporting it. Following the hearing, the Court also required Plaintiffs to submit legal authority supporting their claims for compensatory and punitive damages. (DE 91). Plaintiffs complied. (DE 92).

For the reasons set for the below, following a thorough review of the testimony and evidence presented at the sealed hearing and the supplemental materials, the Court awards damages to Plaintiff Jane Doe 2, and against Defendants Franklin Hartley and Thomas Merenda, as follows:

    1.    On April 17, 2015, Plaintiffs filed their amended complaint. (DE 54).

2.	On August 7, 2015, Defendant Thomas Merenda was served with a summons of the amended complaint. (DE 71).

3.	On August 12, 2015, Defendant Franklin Hartley was served with a summons of the amended complaint. (DE 72).

4.	On September 29, 2015, the Clerk of the Court for the United States District Court for the Southern District of Florida entered a default pursuant to Rule 55(a) of the Federal Rules of Civil Procedure against Defendants Thomas Merenda and Franklin Hartley for failure to appear or otherwise defend. (DE 76).

5.	On October 6, 2015, Plaintiffs filed their motion for default judgment against Defendants Franklin Hartley and Thomas Merenda. (DE 79).

6.	By the defaults entered by the Defendants Franklin Hartley and Thomas Merenda for failure to appear or otherwise defend, these Defendants admit the well-plead allegations of fact and liability alleged in the amended complaint. *See Buchanan v. Buchanan*, 820 F. 2d 359, 361 (11th Cir. 1988) (holding that "the effect of a default judgment is that the defendant '. . . admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established.'" (citing *Nishimatsu Constr. Co., Ltd. V. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975))).

7.	On November 3, 2015, the Court granted default judgment as to liability for battery (Count 3), intentional infliction of emotional distress (Count 7), and 42 U.S.C. § 1983 violations (Count 16) in favor of Plaintiff Jane Doe 2 and against Defendant Thomas Merenda. (DE 82). The Court also granted default judgment as to liability for battery (Count 4), intentional infliction of emotional distress (Count 8), and 42 U.S.C. §

2

1983 violations (Count 14) in favor of Plaintiff Jane Doe 2 and against Defendant Franklin Hartley.

8. On February 3, 2016, pursuant to Rule 55(b) of the Federal Rules of Civil Procedure, and in accordance with Eleventh Circuit precedent in *S.E.C. v. Smyth*, 420 F.3d 1225, 1231-32 (11th Cir. 2005), the Court held a sealed evidentiary hearing where Plaintiff Jane Doe 2 testified credibly about her trauma and its continuing effects. Plaintiff Jane Doe 2's testimony was further supported by her submission of additional evidence and briefing.

9. Based on the testimony received at the February 3, 2016 hearing, Plaintiff Jane Doe 2's estimation of future expenses for medical, psychological, and psychiatric care, the Court finds adequate support for a damage award in favor of Plaintiff Jane Doe 2.

10. Based on the well-pled allegations of the Amended Complaint and the evidence presented at the hearing, the Court makes the following additional findings of fact:

    a. Franklin Hartley and Thomas Merenda committed wrongful and intentional acts on May 24, 2012 when they acted in concert to abduct and batter Plaintiff Jane Doe 2;

    b. The acts by Defendants Franklin Hartley and Thomas Merenda necessarily and proximately caused injury to Plaintiff Jane Doe 2;

    c. Defendants Franklin Hartley and Thomas Merenda acted with specific intent to cause injury to Plaintiff Jane Doe 2;

      d.    The acts of Defendants Franklin Hartley and Thomas Merenda were without just cause or excuse; and

      e.    The acts of Defendants Franklin Hartley and Thomas Merenda were done with reckless or callous indifference to the federally protected rights of Plaintiff Jane Doe 2.

*Kawaauhau v. Geiger*, 523 U.S. 57 (1998); *Smith v. Wade*, 461 U.S. 30, 56 (1983); *In re Kane*, 755 F.3d 1285, 1293 (11th Cir. 2014).

11.    As to Counts 3, 4, 7, 8, 14, and 16, the Court awards damages in favor of Plaintiff, Jane Doe 2, and against Defendants, Thomas Merenda and Franklin Hartley, jointly and severally, as follows:

| | | |
|---|---|---|
| a. | Future medical and professional care: | $46,700;[1] |
| b. | Compensatory damages for past intangible, emotional harms: | $750,000; |
| c. | Compensatory damages for future intangible, emotional harms: | $250,000; |
| d. | **Totaling** | **$1,046,700.00**, |

for all of which sum let execution issue forthwith.

12.    As to Count 14, the Court renders a verdict in favor of Plaintiff, Jane Doe 2, in the amount of **$303,076.15** as punitive damages against Defendant Franklin Hartley individually.

---

[1] Florida law does not require that future medical and professional damages be discounted to present value; therefore, the Court declines to discount this figure here. *Brook v. United States*, No. 08-60314-CIV, 2009 WL 1298303, at *4 (S.D. Fla. May 8, 2009) (finding that "a present value reduction is not required under Florida law and that [the court] did not err in choosing to not apply such a reduction" in personal injury case).

13. As to Count 16, the Court renders a verdict in favor of Plaintiff, Jane Doe 2, in the amount of **$398,459.55** as punitive damages against Defendant Thomas Merenda individually.

14. For the avoidance of doubt, the total amount of damages awarded to Plaintiff Jane Doe 2, including compensatory damages, past and future medical expenses, and punitive damages, by this Order is:

   a. Future medical and professional care jointly and severally against Defendants Hartley and Merenda: $46,700;

   b. Compensatory damages for past intangible, emotional harms, jointly and severally against Defendants Hartley and Merenda: $750,000;

   c. Compensatory damages for future intangible, emotional harms, jointly and severally against Defendants Hartley and Merenda: $250,000;

   d. Punitive damages against Defendant Hartley: $303,076.15;

   e. Punitive damages against Defendant Merenda: $398.459.55;

   f. **Totaling** **$1,748,235.70**,

for all of which sum let execution issue forthwith.

15. The Clerk of the Court is directed to promptly prepare, sign, and enter judgment consistent with the foregoing. See Fed. R. Civ. P. 58.

**DONE AND ORDERED** in Chambers in Miami-Dade County, Florida, this 21st day of September, 2016.

KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Franklin Hartley
5645 Coral Ridge Drive, #357
Coral Springs, FL 33076

Thomas Merenda
11731 NW 31st Street
Sunrise, FL 33323